IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. 2:05-cr-138-MHT-CWB |
| | ) | |
| DI'MITRI RAY HENDERSON | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Currently pending before the court is a Motion to Amend Judgment (Doc. 173) in which Defendant Henderson asserts that he improperly is being held jointly and severally liable with his co-defendants for restitution. According to Defendant Henderson, joint and several liability violates the United States Supreme Court's decision in *Honeycutt v. United States*, 581 U.S. 443 (2017). (*Id*. at p. 1). Defendant Henderson requests an amendment to his judgment following a judicial determination of the amount that he personally profited from the underlying conduct. (*Id*. at p. 2).

A review of the record reveals that Defendant Henderson was ordered to pay restitution to Winn Dixie in the amount of $22,937.99. (Doc. 99). Nothing in the plea agreement or judgment, however, indicates that the restitution obligation is joint and several with any other defendant. (*See* Doc. 68; *see also* Doc. 99 at p. 6). To the contrary, the Presentence Investigation Report reflects that Defendant Henderson personally "negotiated and passed fifty (50) counterfeit checks totaling $22,937.99" to multiple businesses, including Winn Dixie. (Doc. 102 at p. 5). The record further reflects that Defendant Henderson's two co-defendants likewise were ordered to pay restitution to Winn Dixie in amounts signifying their direct and personal participation, $9,709.94 (Doc. 100; Doc. 103 at p. 5) and $6,136.61 (Doc. 101; Doc. 104 at p. 16), respectively.

1

Winn Dixie submitted a declaration of loss in the aggregate amount of $37,270.22 for all three of the defendants.  (*See* Doc. 102 at pp. 5-6).  The court acknowledges that the combined restitution ordered from the defendants is $38,784.54 and that joint and several liability thus theoretically could exist as to the $1,514.32 difference between the total restitution amount and the lesser loss amount claimed by Winn Dixie.  Nonetheless, Defendant Henderson's plea agreement contains the following provision that expressly eliminates such risk:

> If the amount of loss involves any loss for any other victim than Winn Dixie, that amount will be subtracted from the total restitution amount.  In other words, the amount of loss related to Winn Dixie will also be the amount of restitution for which the defendant is liable.

(Doc. 68 at p. 4).  Because Defendant Henderson's co-defendants did not obtain funds from any victims other than Winn Dixie (*see* Doc. 103 at p. 5 & Doc. 104 at p. 5), the maximum amount that Defendant Henderson actually owes Winn Dixie in restitution could not exceed $21,423.67 (*i.e.*, Winn Dixie's $37,270.22 loss minus the restitution ordered from the other defendants).  Anything above that amount would constitute a "loss for any other victim than Winn Dixie" and under the plea agreement would be subject to deduction from the restitution amount owed by Defendant Henderson.  (Doc. 68 at p. 4).  Because the plea agreement precludes any joint and several liability in this instance, it is neither necessary nor appropriate to amend the judgment.[1]

---

[1] The undersigned notes that *Honeycutt* addressed joint and several liability in the context of forfeiture—not restitution.  Joint and several liability in the restitution context is specifically authorized by statute.  *See* 18 U.S.C. § 3664(h) ("If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.").  Because it is clear from the record that Defendant Henderson has not been subjected to joint and several liability, there is no need to address whether the rationale of *Honeycutt* should be extended to § 3664(h).  Other courts, however, have declined to so extend *Honeycutt*.  *See, e.g., United States v. Rodriguez*, 915 F.3d 532, 536 (8th Cir. 2019); *United States v. Gioeli*, No. 08-cr-240, 2019 WL 6173421, *5-7 (E.D. N.Y. Nov, 19, 2019); *United States v. Dotson*, 635 F. Supp. 3d 1326, 1333 (M.D. Fla. 2022).

For these reasons, the undersigned Magistrate Judge hereby **RECOMMENDS** that the Motion to Amend Judgment (Doc. 173) be denied.

It is **ORDERED** that any objections to this Recommendation must be filed by **March 19, 2024**.  An objecting party must identify the specific portion(s) of factual findings or legal conclusions to which objection is made and must describe in detail the basis for each objection.  Frivolous, conclusive, or general objections will not be considered.

After receiving all objections, the District Judge will conduct a *de novo* review of the findings or recommendations to which objection is made.  The District Judge may accept, reject, or modify the Recommendation or may refer the matter back to the Magistrate Judge with instructions for further proceedings.  *See* 28 U.S.C. § 636(b)(1)(C).  A party shall be deemed to have waived the right to challenge on appeal a District Judge's order to the extent it is based upon unobjected-to findings or recommendations.  The court on appeal may review unobjected-to factual and legal conclusions only for plain error if necessary in the interests of justice.  *See* 11th Cir. R. 3-1.

No party may appeal this Recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  A party may appeal only from a final judgment ultimately entered by the District Judge.

**DONE** this the 5th day of March 2024.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**